SCHLUTER, PLAINTIFF AND APPELLEE, v. FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2454.—Decided March 6, 1922.

COMMERCIAL TRANSACTIONS—DAMAGE TO MERCHANDISE.—The plaintiff sold to the defendant several tierces of hams and when the purchaser took possession of the merchandise and proceeded to sell it he found that many of the hams were rotten, for which reason he refused to pay for the merchandise within the time agreed upon. It was shown that the vendor did not know that the hams were rotten at the time of the sale, if they were, but only knew that they were old and this fact was considered in fixing the price. The purchaser admitted that he made use of at least twenty per cent of the hams. Under these circumstances it was held that the district court did not err in sustaining the complaint on the authority of section 333 of the Code of Commerce.

The facts are stated in the opinion.

*Mr. D. Monserrat, Jr.,* for the appellant.

*Mr. J. Sifre, Jr.,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action of debt for the recovery of the contract price of eleven tierces of hams. Both parties are merchants of the city of San Juan, P. R., and judgment was rendered against the defendant who took the present appeal, assigning five errors as follows:

"1st. The lower court erred in not finding, in accordance with the evidence examined at the trial, that the plaintiff sold to the defendant eleven tierces of hams represented to be fresh, in good condition and of good quality.

"2nd. The lower court erred in finding that by the evidence examined at the trial it was not proved that the hams were in bad condition before or at the time of the sale.

"3rd. The lower court erred in not finding under the evidence examined that in making the sale in question the plaintiff knew that the said hams were in bad condition and were not fresh.

"4th. The lower court erred in not applying to this case the provisions of article 434 of the Code of Commerce.

"5th. The lower court erred in declaring valid a contract which is void because it is contrary to public policy."

1. The first three assignments refer to the weighing of the evidence by the trial court. The said court expressed itself as follows:

"From an examination of all of the evidence we have made the following findings:

"The plaintiff and the defendant are merchants doing business in this city. On May 28th, 1919, they entered into a mercantile contract of purchase and sale. The defendant accepted an offer of the plaintiff and signed an invoice for the purchase from the plaintiff of eleven tierces of hams at $25 per hundredweight, the total price for the eleven tierces being $1,079.50.

"When the purchaser signed the invoice he knew that the merchandise was in the warehouse of the seller and at his request it

was allowed to remain there for his account and at his disposal. The purchaser removed the merchandise from the said warehouse between the 4th and the 8th of June, 1919, and stored a part of it in his own place of business and a part in the warehouse of Luiña, Murias & Co.

"On the 3rd day of the same month the plaintiff drew a draft on the defendant for the entire price of the hams and the draft was accepted by the defendant who agreed to pay it on the 28th of June, 1919.

"Thereafter it was found that the hams were damaged. On June 17, 1919, the defendant wrote a letter to the plaintiff informing him that the hams were in bad condition and that his customers were returning them.

"The defendant testified that two days after he made the purchase he sold some of the merchandise; that he received no complaints from his customers until after he had removed all of the merchandise from the plaintiff's warehouse, and that as soon as he received the complaints he notified the plaintiff personally and afterwards in writing.

"In a letter of June 19, 1919, presented in evidence by the defendant, he replied to a letter from the plaintiff that he did not purchase the hams for immediate sales and therefore could not receive the complaints of his customers in a few days. It is evident that if there was any personal notice of the damaged condition of the hams it was given shortly before the 17th of June when the first written notice was given. Therefore, the damaged condition of the hams was discovered by the defendant on or about the 17th of June, 1919.

"After that date some correspondence was exchanged between the parties in connection with the matter and when the draft became due the defendant refused to pay it and has not yet paid it.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"The defendant alleges in his answer that at the time of the delivery of the hams they were already in bad condition and that this fact was known by the plaintiff who, nevertheless, knowingly and with the sole purpose of deceiving and defrauding the defendant, delivered them to him as fresh hams of good quality. The evidence in no way tends to prove this allegation.

"It was shown only that the hams had been consigned by the shippers to the mercantile firm of Forteza Brothers of Vega Baja, who refused to accept them because they arrived after the stipulated time. There is also a letter written by the plaintiff in which he admits that the hams were not fresh; but all of the witnesses for the plaintiff testified that they were in good condition and had arrived from New York only ten or twelve days before.

"The court can not give to the word 'fresh' used in a negative sense by the plaintiff more than its ordinary and correct meaning; that is, that the hams had not been recently cured, which in no manner implies that they were in bad condition.

"It has not been shown that the hams were in bad condition before or at the time of the sale, or that the damage was in any way connected with fraud or negligence on the part of the plaintiff.

"Nor has it been shown that the damage occurred during the short time that the hams were deposited in the warehouse of the plaintiff after the sale was made, nor that the said damage was due to the plaintiff's carelessness or negligence in the fulfillment of his obligation as depositary."

We have carefully examined the evidence and although some points of the case appear to be doubtful, we are not in a position to say that the trial court erred in giving judgment against the defendant. Besides, the position taken by the defendant in refusing to pay any part of the price of the hams is inconsistent with his own evidence. Considering his testimony and taking his own statements as the truth in the case, it is concluded that not only were the hams sold to him and left at his disposal at the place and time agreed upon, but that they were delivered to him and he disposed of and made use of twenty or twenty-five per cent of them.

2. The article of the Code of Commerce to which the appellant refers in his fourth assignment of error is not article 434, but article 342 which reads as follows:

"Art. 342.—A purchaser who has not made any claim based on the inherent defects in the article sold, within thirty days following its delivery, shall lose all rights of action against the vendor for such defects."

The parties have not cited, nor have we been able to find, any jurisprudence specifically construing that statute, but it may be clearly deduced that in this case there was no question of inherent defects. If the hams were rotten, their smell and external appearance would have called attention to their decomposed condition. But, at all events, although the fact that the hams were sold in wooden tierces and each ham was separately wrapped in cloth might justify the application of the statute cited, the fact is, as the appellee maintains in his brief, that the defendant made no specific and formal claim and proceeded to sell the hams as his own.

3. The fifth assignment of error is entirely without merit. It would be necessary to find that knowingly and with the intent to defraud the defendant the plaintiff sold him the rotten merchandise. It is evident that the plaintiff knew that the hams were old, but this does not mean that he knew that they were rotten. The fact that they were old was considered and a reduction of $6 from the usual price of each hundredweight was made for that reason.

In synopsis, the question as raised in the district court was, we think, correctly decided, the court not erring in applying article 333 of the Code of Commerce, which reads as follows:

"The damages and impairment suffered by merchandise after the contract has been consummated and the vendor has the goods at the disposal of the purchaser in the place and at the time agreed upon, shall be suffered by the purchaser, except in cases of carelessness or negligence on the part of the vendor."

By reason of the foregoing the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.